IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Romell DeShay Sims, | ) C/A No.: 1:25-13075-JDA-SVH |
| Plaintiff, | ) |
| v. | ) REPORT AND |
| | ) RECOMMENDATION |
| Dir. Crayman Harvey and Major Jovan Haynes, | ) |
| Defendants. | ) |

Romell DeShay Sims ("Plaintiff"), proceeding pro se and in forma pauperis, filed an amended complaint pursuant to 42 U.S.C. § 1983 against Alvin S. Glenn Detention Center ("ASGDC") director Crayman Harvey ("Director Harvey") and Major Jovan Haynes ("Major Haynes") ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the case without leave for further amendment.

I.   Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at ASGDC. [ECF No. 1]. He filed a complaint pursuant to 42 U.S.C. § 1983 on October 22, 2025, alleging conditions within ASGDC violate his rights under the Eighth and Fourteenth Amendments. *Id.*

On October 31, 2025, the undersigned reviewed the complaint and issued a proper form order and an order and notice. [ECF Nos. 6, 9]. The order and notice advised Plaintiff that his complaint was subject to summary dismissal, as he had not alleged Defendants acted personally in violating his rights under the Constitution or federal law or stated facts sufficient to support a claim that jail conditions violated his constitutional rights, and the court was unable to grant his request for immediate relief. [ECF No. 9].

Plaintiff subsequently filed an amended complaint on November 7, 2025, on a complaint form for violation of civil rights. [ECF No. 12]. In his amended complaint, Plaintiff indicates he is bringing his claim pursuant to 42 U.S.C. § 1983 based on violations of his Eighth and Fourteenth Amendment rights. [ECF No. 12 at 4]. He claims Defendants were aware of inhumane conditions at ASGDC based on complaints and requests filed through the jail's kiosk and failed to satisfy their duties. *Id.* He states that when he arrived at ASGDC and was placed in Delta dorm on June 13, 2025, the dorm occupancy exceeded the permissible number by 56 inmates, creating unsafe conditions and a fire hazard. *Id.* at 5, 6. He contends there were only two operating toilets and two stopped-up shower rooms in Delta dorm. *Id.*

Plaintiff specifically alleges that around June 2025, he contracted a fungal infection from the shower in the Delta dorm that caused his toenails to blacken, fall off, and fail to grow. *Id.* at 5–6. He further maintains the

overcrowded dorm and conditions within ASGDC led to an increase in his mental health medications and a prescription for Flomax. *Id.* at 6. He requests the court award him $100,000. *Id.*

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

Although Plaintiff filed an amended complaint in response to the order and notice, he failed to correct a material deficiency identified in his original complaint, subjecting his amended complaint to summary dismissal.

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Claims brought by pretrial detainees regarding medical treatment and conditions of confinement are evaluated under the due process clause of the Fourteenth Amendment, as opposed to the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Nevertheless, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Wiliams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). Although pretrial detainees "may not be subjected to punishment of any description,"

"not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *City of Revere*, 463 U.S. at 244; *Bell*, 441 U.S. 535–37 and n.16). "The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "If a prisoner has not suffered serious or significant physical or mental injury as result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment." *Strickler*, 989 F.2d at 1381.

Plaintiff claims that he has been prescribed Flomax, but he has not explained, and it does not logically follow, that conditions at ASGDC necessitated treatment with Flomax. According to information available from the Cleveland Clinic: "Tamsulosin (Flomax®) is an alpha-blocker medication that treats the symptoms of an enlarged prostate. A condition that it treats is benign prostatic hyperplasia. It works by relaxing the muscles in your prostate and bladder. This makes it easier to pee." *Tamsulosin Capsules*, CLEVELAND CLINIC, https://my.clevelandclinic.org/health/drugs/19711-tamsulosin-capsules. Although medical professionals are not certain as to the cause of benign prostatic hyperplasia, they suspect it is related to hormonal changes

6

associated with aging. *Benign Prostatic Hyperplasia*, CLEVELAND CLINIC, https://my.clevelandclinic.org/health/diseases/9100-benign-prostatic-hyperplasia. Given this information, Plaintiff cannot plausibly argue that he has been prescribed Flomax due to conditions within ASGDC.

Courts considering allegations that prison or jail conditions caused rashes or fungal infections have concluded they do not state claims for violations of the Eighth and Fourteenth Amendments. *See DePaola v.* Clarke, 884 F.3d 481, 489 (4th Cir. 2018) (finding a rash on the plaintiff's penis did not support "a serious physical health need[]"); *Sanders v. Allen County Jail*, No. 1:06-cv-302-RL, 2006 WL 2578977, at *2 (N.D. Ind. Sept. 6, 2006) (dismissing complaint pursuant to 28 U.S.C. § 1915A review and stating "[a] dirty shower with green fungus is undeniably unpleasant, but it is unlikely that it denied [the plaintiff] the minimal civilized measures of life's necessities."); *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1085 (C.D. Ill. 2007) (dismissing complaint pursuant to 28 U.S.C. § 1915A review and stating "[a] fungal foot rash is not so serious that it is life threatening or poses a risk of needless pain or lingering disability."). Given the foregoing authority, Plaintiff's allegation that he developed a fungal infection to his feet that led to blackening and loss of his toenails is insufficient to rise to the level of a constitutional violation.

Plaintiff's allegation that the conditions within ASGDC affected his mental state such that his medications had to be increased is also insufficient

7

to support violations of the Eighth and Fourteenth Amendments. Plaintiff has not alleged a sufficiently serious injury to his mental health. *See Strickler*, 989 F.2d at 1382 n.9. Courts in the Fourth Circuit "have regularly found that 'generalized claims of adverse mental health' are not sufficient to establish a significant mental injury without some further specification." *Whitmore v. Western Regional Jail*, No. 3:18-cv-1483, 2019 WL 3756396, at *9 (S.D. W. Va. Jul. 19, 2019) (quoting *Germain v. Bishop*, No. CV-TDC-15-1421, 2018 WL 1453336, at *13 (D. Md. Mar. 23, 2018)) (citing *Powell v. Fed. Bureau of Prisons*, No. 1:08-CV-00199, 2009 WL 3160124, at *4 (S.D. W. Va. Sept. 25, 2009) ("Plaintiff merely alleges that she has suffered 'mental anguish' as a result of the above conditions of confinement."); *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999) (inmates failed to sufficiently specify a mental injury where they said only that "the overall conditions of their confinement [placed] them under 'great stress' and caused them 'great emotional and physical suffering.'"); *Gannon v. Cent. Virginia Reg'l Jail*, No. CIV.A. 7:08CV00394, 2008 WL 2853629, at *1 (W.D. Va. July 22, 2008) (dismissing the plaintiff's claim where "the injuries are entirely speculative and thus are not sufficiently serious to rise to the level of an Eighth Amendment violation.").

In light of the foregoing, Plaintiff has failed to state a § 1983 claim because he has not alleged a sufficiently severe injury to support a prima facia

8

case regarding prison conditions under the Eighth Amendment, as applicable to pretrial detainees under the Fourteenth Amendment.

III. Conclusion and Recommendation

For the foregoing reason, the undersigned recommends the court dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief may be granted. The undersigned further recommends the case be dismissed without leave for further amendment.

IT IS SO RECOMMENDED.

November 20, 2025
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).